# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

SHANNA WEBER,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 10-CV-35-FHM

## **OPINION AND ORDER**

Plaintiff, Shanna Weber, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's February 11, 2005, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") John Volz was held October 22, 2007. By decision dated October 26, 2007, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on November 25, 2009. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 33 years old on the date of alleged onset and 36 on the date of the ALJ's decision. She has a high school education and was trained as a medical assistant. Plaintiff formerly worked as medical assistant. She claims to have been unable to work since November 1, 2004, as a result of bipolar disorder, alcohol dependence, panic disorder with agoraphobia, and fibromyalgia.

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform light work, confined to simple tasks under routine supervision and must not come into contact with the public and must not have repeated interaction with co-workers. [Dkt. 14, p. 53]. Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the decision should be reversed and the case remanded for further proceedings because the ALJ erred in his credibility analysis. The Court agrees.

2

The ALJ's decision must be reversed for the failure to conduct an appropriate credibility analysis.

The Commissioner is entitled to examine the medical record and to evaluate a claimant's credibility in determining whether the claimant suffers from disabling pain. *Brown v. Bowen*, 801 F.2d 361, 363 (10th Cir. 1986). Credibility determinations made by an ALJ are generally treated as binding upon review. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990). According to Social Security Ruling 96-7p, 1996 WL 374186 (July 2, 1996), which governs an ALJ's evaluation of a claimant's description of symptoms, the evaluation must contain specific reasons for a credibility finding; the ALJ may not simply recite the factors that are described in the regulations. Id. at *4. It is well-established that an ALJ's findings with respect to a claimant's credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995)(quotation omitted).

At the hearing the ALJ questioned Plaintiff about her use of multiple medications. [Dkt. 14, p. 32-33]. Plaintiff's counsel stated: "our position is, is just as Dr. Hopkins pointed out . . . that this multiplicity of medications and the mental problems that she experiences interferes with the ability to work on a regular job on a sustained basis. He thinks she would be absent from work for more than three times a month on a regular basis." [Dkt. 14, p. 35]. Counsel stated that Plaintiff could get hired, but could not perform on a consistent basis. *Id.* The ALJ agreed with counsel's statement and said that the problem is that "[s]he keeps taking all these medications." *Id.* Counsel referred to the medical record where Plaintiff had tried backing off some of the medications and either had a manic situation or she was thrown out of balance. *Id.* at 36. The ALJ stated the matter boiled down to a

3

question of credibility and then queried of Plaintiff, "[d]o you really need to take all those drugs? Are you taking them because you want to take them?" *Id.* at 37.

Although the ALJ identified credibility as the key issue, he failed to conduct an adequate credibility analysis. His credibility analysis follows:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible. She has clearly not separated herself from alcohol (Exhibit 29F, p. 11). She was suspected by Dr. Rawlings of having used marijuana relatively recently. Her most recent mental status examinations indicate her mental status to have stabilized. The reports of her mental status in July 2007 show improvement over her condition as it was reported by Dr. Hopkins in June 2006 (Exhibit 16F). With her improvements stated by Dr. Tipton and Dr. Wheeler-Harrington, it is reasonable to conclude that Dr. Hopkins' cautioning about missed work days is no longer apropos.

[Dkt. 14, p. 56]. That analysis does not comport with the requirements of Social Security Ruling 96-7p and *Kepler.* Although the ALJ agreed at the hearing that problems with the number and type of medications Plaintiff takes affects her ability to work and, although the record contains a wealth of information on these subjects, the ALJ's credibility analysis said nothing about Plaintiff's daily activities, the frequency of her symptoms, or the dosage, effectiveness, and side effects of medication.

If, as appears from the ALJ's statements at the hearing and in the decision, the ALJ was of the opinion that the record demonstrated that compliance with the prescribed medicine regimen or that alcohol and marijuana use affected Plaintiff's ability to work, the ALJ is entitled to make a decision on those bases. However, the regulations prescribe an analysis for making a decision based on those factors. 20 C.F.R. §§ 404.1535, 416.935

4

(prescribing analysis for consideration of substance abuse); 20 C.F.R. § 404.1530 (consideration of failure to follow treatment prescribed). The ALJ did not make the findings required by those regulations.

The Court finds that the ALJ's decision must be REVERSED and the case REMANDED for an analysis of Plaintiff's credibility that complies with the long recognized legal standards set out in case law and the Commissioner's regulations and rulings.

SO ORDERED this 8th day of March, 2011.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE